### 9918

### MARION COTTON OIL CO. v. ATLANTIC COAST' LINE R. R. CO.

#### (95 S. E. 336.)

CARRIERS—CONNECTING RAILROADS—PENALTY FOR DELAY.—Civ. Code 1912, secs. 2574, 2575, making connecting carriers agents of each other and liable for damages caused by delays occurring on connecting lines with a right of action over against the carrier at fault, does not render a railroad liable under a statute penalizing delays where the delay occurred on the line of a connecting carrier.

Before DEVORE, J., Marion, Fall term, 1916.   Affirmed.

Two actions by Marion Cotton Oil Company against the Atlantic Coast Line Railroad Company.   Judgment for defendant in both cases, and plaintiff appeals.

*Mr. A. F. Woods,* for appellant, cites: *As to constitutionality of section 2574 of the Code of Laws 1912, when applied to an intrastate shipment:* 78 S. C. 42; 82 S. C. 387. *As to typographical error not being allowed to defeat legislative intent when it plainly appears:* 86 S. C. 419; 191 S. C. 48; 104 S. C. 124; 72 S. C. 532; 96 S. C. 484; 99 S. C. 218. *Repeals of legislative acts by implication not favored:* 82 S. C. 506; 96 S. C. 313; 86 S. C. 94; 95 S. C. 414; 102 S. C. 494.   *As to connecting carrier being held liable for a loss not occurring on its own line:* 81 S. C. 383; 84 S. C. 167; 89 S. C. 418; 92 S. C. 361.   *As to construction of penal statutes:* 102 S. C. 487; 82 S. C. 242; 91 S. C. 377; 92 S. C. 393.·

*Messrs. L. D. Lide* and *H. D. McCandlish,* for respondent, submit: *These actions are brought under section 2568*

*and section 2569 of vol. I, of the Code of 1912, commonly known as the Five Dollars a Day Penalty Act, but the penalties prescribed by section 2569 do not apply to failures to transport freight within the time specified in section 2568. Section 2574 (Sullivan Act) does not apply—it is a penal statute and must be strictly construed:* 89 S. C. 371; 92 S. C. 393; 82 S. C. 242; 92 S. C. 361; 76 S. C. 173; U. S. 60 L. Ed. 334; 96 S. C. 537.

March 8, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

These two cases, between the same parties, were tried together.  The statutes of this State require its railroads to transport and deliver goods in a reasonable time, and then sets forth what is a reasonable time.  It further provides a penalty of $5 per day for unreasonable delay.  Another statute makes connecting carriers agents for each other. Two cases of goods were shipped to the plaintiff from Kershaw, S. C., and neither was delivered in the time required by the statute.  Two cases were shipped over the Southern Railway from Kershaw to Camden, over the North Western Railroad from Camden to Sumter, and over the Atlantic Coast Line Railroad from Sumter to Marion.  The Coast Line was sued for the delay.  On the trial the defendant showed that there was no delay on its road.  The plaintiff claims that, inasmuch as these connecting carriers are agents for each other it has a right to judgment against the defendant on account of the delay of its agents, the connecting carriers.

It is not necessary to burden this opinion by incorporating the sections of the statutes.  They are easily accessible to those interested.

Section 2574 (Code of Laws of South Carolina 1912, vol. I) declares that connecting carriers are agents for each other.  Section 2575 provides the extent of the liability, and

says they are liable "for any damages for injury or damages to, or loss, or delay of any freight, baggage or other property sustained anywhere in such * * * transportation over connecting lines or either of them." The section then proceeds to give a right of action to the carrier sued, to recoup against its defaulting agent. It is by no means clear that the right of action for damages includes the penalty. The latter part of section 2575, however, does make it clear that the penalty for delay is not included. It says: "Such carrier so held liable to such person or persons shall be entitled in a proper action to recover the amount of any loss, damage or injury it may be required to pay such person or persons from the carrier through whose negligence the loss, damage or injury was sustained."

It would not be a reasonable construction to hold that the carrier, which was not in default, could be held responsible for loss, damage, and injury to the property which it could recoup, and also held reasonable for a penalty which it could not recoup.

Connecting carriers are agents for each other, but the agency is limited, and the penalty is not within the limitation.

The judgment is affirmed.